70 F.3d 1278
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald C. HAYHURST, NMD, Ph.D., Plaintiff-Appellant,
v.
Glen T. OZALAN, ND, Individually and as agent for the
Arizona State Board of Naturopathic Examiners; Arizona
State Board of Naturopathic Examiners; Douglas R. Norton,
Individually and as agent for the State of Arizona Office of
Auditor General; Arizona Officer of the Auditor General;
American Association of Naturopathic Physicians, Defendants-Appellees.
 No. 94-16181.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald C. Hayhurst appeals pro se the district court's (1) dismissal of his claims against the State of Arizona Office of the Auditor General ("Office") and the Arizona State Board of Naturopathic Examiners ("Board"); (2) summary judgment in favor of state officials Dr. Glen Ozalan and Doug Norton; and (3) the denial of his Fed.R.Civ.P. 59(e) motion to alter or amend the summary judgment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Hayhurst contends that the district court erred by dismissing the Office and the Board because, according to Arizona case law, they may be sued. This contention lacks merit because, under the Eleventh Amendment, Hayhurst may not sue a state or state agency in federal court without its consent. See Ronwin v. Shapiro, 657 F.2d 1071, 1073-74 (9th Cir.1981) (stating that a state's consent to be sued in state court does not necessarily imply consent to be sued in federal court). Accordingly, the district court did not err by dismissing Hayhurst's claims against the Office and the Board. See Micomonanco v. Washington, 45 F.3d 316, 319 (9th Cir.1995).
 
 
 4
 We review de novo a district court's summary judgment. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). In Arizona, a public official is protected by qualified immunity in defamation suits unless the plaintiff can show objective malice. Chamberlain v. Mathis, 729 P.2d 905, 913 (Ariz.1986). Here, Hayhurst failed to present evidence to create a genuine issue of material fact concerning whether defendants Ozalan and Norton acted with objective malice when they submitted the April 1990 Townsend Letter for Doctors, containing an article about Hayhurst, to the Arizona Legislature. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 5
 Accordingly, district court did not err by granting summary judgment in favor of Ozalan and Norton. See Chamberlain, 729 P.2d at 913. Similarly, the district court did not abuse its discretion by denying Hayhurst's Fed.R.Civ.P. 59(e) motion to alter or amend the summary judgment. See Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3